Vip Bhola, Esq. (SBN 183980)
Law Offices of Vip Bhola
5429 Cahuenga Blvd., Suite 101
North Hollywood, CA 91601
T: (818) 347-5297
F: (818) 221-0302
E: vbhola@icloud.com

Attorneys for Plaintiff, DR. MEHMET VELI ASLAN, M.D.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DR. MEHMET VELI ASLAN, M.D. an individual<br><br>  Plaintiff,<br><br>vs.<br><br>NAZANIN MAZGANI, an individual; NEYAZ MAZGANI, an individual; CLEMENTE R CUEVAS, an individual; and Does 1-5, inclusive,<br><br>  Defendants<br><br>_____ | Case Number: 2:24-cv-02762-WLH-SK(x)<br><br>**OBJECTIONS TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE**<br><br>Complaint Filed: April 4, 2024<br><br>Date: June 13, 2025<br>Time: 1:30 p.m.<br>Dept.: Courtroom 9B, at First Street Courthouse, 350 W. 1st Street, 10th Floor, Los Angeles, CA 90012 |

**TO THE HONORABLE COURT:**

Plaintiff respectfully submits the following objections to Defendants' Request for Judicial Notice filed concurrently with their opposition brief:

### OBJECTION TO EXHIBIT 1: PLAINTIFF'S COMPLAINT

Defendants seek judicial notice of Plaintiff's Complaint in this action. While the Court may take judicial notice of the existence of its own records, this request is unnecessary as the Complaint is already part of the record before the Court. Moreover, to the extent Defendants seek to use this exhibit to establish disputed facts contained within the Complaint, such use would be improper. *See* Fed. R. Evid. 201(b). The Court should deny judicial notice of any disputed factual assertions contained within the Complaint or, in the alternative, limit judicial notice to the fact that the Complaint was filed.

### OBJECTION TO EXHIBIT 2: DEFENDANTS' MOTION TO DISMISS

Defendants seek judicial notice of their own Motion to Dismiss. This request is unnecessary as the motion is already part of the Court's record. To the extent Defendants seek judicial notice of factual assertions or legal arguments contained within their motion, such use is improper under Federal Rule of Evidence 201(b), which limits judicial notice to facts "not subject to reasonable dispute." Legal arguments and factual contentions in pleadings are quintessentially matters subject to reasonable dispute. The Court should deny this request or limit judicial notice to the existence of the filing.

### OBJECTION TO EXHIBIT 3: BANKRUPTCY COURT ORDER OF MARCH 20, 2024

Defendants seek judicial notice of a bankruptcy court order dated March 20, 2024. While courts may take judicial notice of the existence of court orders from other proceedings, Defendants improperly seek judicial notice of disputed factual findings and legal conclusions contained within that order. As the Ninth Circuit held in *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001), "when a court takes judicial notice of another court's opinion, it may do so not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity." The Court should deny judicial notice of the truth of any factual findings or legal conclusions contained in this order and limit judicial notice, if any, to the fact that the order was entered.

### **OBJECTION TO EXHIBIT 4: RECORDED GRANT DEEDS**

Defendants seek judicial notice of recorded Grant Deeds. These documents constitute hearsay when offered to prove the truth of the property transfers described therein. *See* Fed. R. Evid. 801(c). Moreover, the validity, legal effect, and circumstances surrounding these deeds are disputed matters in this litigation and therefore not proper subjects for judicial notice under Rule 201(b). Additionally, Defendants have not provided proper authentication for these recorded documents. *See* Fed. R. Evid. 901. The Court should deny judicial notice of these exhibits.

### **OBJECTION TO EXHIBIT 5: RECORDED ORDER OF HON. BARRY RUSSELL**

Defendants seek judicial notice of a recorded bankruptcy court order. This objection incorporates by reference the arguments made regarding Exhibit 3. Additionally, the recording of a court order does not cure the fundamental problem that Defendants seek judicial notice of disputed factual and legal determinations contained within the order. *See Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (court may notice existence of documents but not truth of disputed facts asserted therein). The Court should deny this request or limit it to the existence of the recorded order.

**OBJECTION TO EXHIBIT 6: BANKRUPTCY COURT ORDER OF AUGUST 23, 2024**

Defendants seek judicial notice of another bankruptcy court order finding that remedial actions were completed. This exhibit suffers from the same defects as Exhibits 3 and 5. The factual determinations contained within this order—including whether compliance occurred and the legal significance thereof—are disputed matters not appropriate for judicial notice. The Court should deny judicial notice of the substantive findings in this order and limit any notice to its existence.

**OBJECTION TO EXHIBIT 7: THIS COURT'S DISMISSAL ORDER**

Defendants seek judicial notice of this Court's own Order of June 10, 2024. This request is unnecessary as the Court has full knowledge of its own records and orders. *See* Fed. R. Evid. 201(c) (court may take judicial notice without request by party). This exhibit adds nothing to the record and the request should be denied as superfluous.

**OBJECTION TO EXHIBIT 8: RECORDED RESCISSIONS**

Defendants seek judicial notice of recorded rescission documents. These documents are not proper subjects for judicial notice because: (1) they constitute hearsay when offered for the truth of the rescissions described therein, *see* Fed. R. Evid. 801(c); (2) the validity and legal effect of these rescissions are disputed matters of law and fact, making them inappropriate for judicial notice under Rule 201(b); (3) Defendants have not provided proper authentication, *see* Fed. R. Evid. 901; and (4) the circumstances surrounding these rescissions, including whether they were coerced or legally effective, are central disputed issues in the pending motion. The Court should deny judicial notice of these exhibits.

**OBJECTION TO EXHIBIT 9: STATE COURT DECISION OF MAY 15, 2025**

Defendants seek judicial notice of a recent state court decision in an unrelated case. This exhibit is improper for several reasons: (1) the decision involves different parties and different claims, making it irrelevant to the issues in this case; (2) any factual findings or legal conclusions in that decision constitute disputed matters not appropriate for judicial notice; (3) the exhibit appears to be offered for improper character evidence regarding opposing counsel; and (4) under *Lee v. City of Los Angeles*, judicial notice of court decisions is limited to their existence, not the truth of factual assertions contained therein. The Court should deny judicial notice of this exhibit entirely as irrelevant and prejudicial.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendants' Request for Judicial Notice in its entirety. In the alternative, the Court should limit any judicial notice to the existence of court records, and specifically exclude judicial notice of any disputed factual findings, legal conclusions, or hearsay statements contained within the exhibits.

**Respectfully submitted,**

May 30, 2025,

By:_____
Vip Bhola, Esq.

# PROOF OF SERVICE

I am employed in the County of Los Angeles, California. I am over 18 and not a party to the action. My business address is 5429 Cahuenga Blvd., Suite 101, North Hollywood, California 91601.

On the date conveyed below, I served the document(s) described as **OBJECTIONS TO DEFENDANTS' REQUEST FOR JUDICIAL NOTICE** the interested party(ies) in this action by sending the original or a true copy thereof to the interested party(ies):

SEE SERVICE LIST

Bottom of Form

**[X]  BY MAIL (ENCLOSED IN A SEALED ENVELOPE):** I deposited the envelope(s) for mailing in the ordinary course of business in Los Angeles, California. I am "readily familiar" with this firm's practices of collecting and processing correspondence for mailing. Under that practice, sealed envelopes are deposited with the U.S. Postal Service on that same day in the ordinary course of business with postage on them prepaid in Los Angeles, California.

**[ ]  BY FACSIMILE:** I certify this document was served from Los Angeles, California, by facsimile delivery on the addressee(s) listed at their most recent facsimile number of record.

**[X]  BY Email–ECF:** I certify this document was served from Los Angeles, California by email delivery on the addressee(s) listed herein at their most recent known email or email of record.

**[ ]  BY PERSONAL SERVICE:** I delivered the document, enclosed in a sealed envelope, by hand to the offices of the addressee(s) named herein.

**REPLY TO OPPOSITION TO MOTION FOR RULE 60 RELIEF**

I declare under penalty of perjury under the laws of the State of California, and the laws of the United States, that the above is true and correct.

Executed on **May 30, 2025,** at North Hollywood, California.

_____
Vip Bhola

**REPLY TO OPPOSITION TO MOTION FOR RULE 60 RELIEF**

# SERVICE LIST

| **By Email and U.S. Mail:**<br>Nazanin Mazgani<br>141 S. Clark St. #320<br>Los Angeles, CA 90048<br>mazganilaw@gmail.com | Neyaz Mazgani<br>10954 Massachusetts Ave,<br>Los Angeles, CA 90024<br>foozul@hotmail.com |
|---|---|
| Honorable Wesley L. Hsu<br>First Street Courthouse, 350 W. 1st Street, Courtroom 9B, 9th Floor, Los Angeles, California 90012 | Hon. US BK Judge Barry Russell<br>Suite 1668<br>255 W. Temple Street,<br>Los Angeles, CA 90012 |